UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-15(DSD/HB)

United States of America

        Plaintiff,

v.                                                    **ORDER**

James Herman Pegues,

        Defendant.


LeeAnn K. Bell, United States Attorney's Office, 300 South 4th Street, Minneapolis, MN 55415, counsel for plaintiff.

James Herman Pegues, #17800-041, Federal Correctional Institute, P.O. Box 5000, Pekin, IL 61555-5000, defendant pro se.


This matter is before the court upon the pro se[1] motion by defendant James Herman Pegues to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.


**BACKGROUND**

On March 26, 2014, Pegues pleaded guilty to being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

---

[1] In his motion, Pegues requests that the court appoint him counsel. The court notes that "there is no general right to counsel in post-conviction habeas proceedings for criminal defendants." United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999). The court sees no reason to depart from the rule in this case. Therefore, Pegues' request for counsel is denied.

924(e).  Because Pegues had six prior burglary convictions, he was subject to a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA).  See 18 U.S.C. § 924(e)(1).  On November 14, 2014, the court sentenced Pegues to 15 years' imprisonment, and he did not appeal his sentence.  Pegues now moves to vacate his sentence, arguing that his sentence is unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015) and Mathis v. United States, 136 S. Ct. 2243 (2016).

**DISCUSSION**

## I. **Johnson**

Pegues argues that his sentence is unconstitutional in light of Johnson, which held that the residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague.  Johnson, 135 S. Ct. at 2557.  The government argues that Pegues' Johnson claim is time-barred, and the court agrees.  In order to be considered timely, Pegues must have brought his Johnson claim within the 1-year time period starting the day that Johnson was decided.  28 U.S.C. § 2255(f); Dodd v. United States, 545 U.S. 353, 356-57 (2005).  Pegues signed his petition on October 4, 2016 - more than one year after Johnson was decided on June 26, 2015.  Because Pegues' petition does not meet any of the other time limitations listed under 28 U.S.C.

§ 2255(f), his <u>Johnson</u> claim is time-barred.[2]

Even if Pegues' petition was not time-barred, however, <u>Johnson</u> is inapplicable to his sentence.   <u>Johnson</u> only held that the residual clause of § 924(e) was unconstitutional and left the remaining provisions intact.   Pegues' sentence was based not on the residual clause, but on the enumerated offense clause that listed burglary as a predicate offense under the ACCA.   <u>See</u> 18 U.S.C. § 924(e)(2)(B)(ii).   Therefore, even after <u>Johnson</u>, Pegues' convictions for burglary constitute predicate offenses under § 924(e).

## II. <u>Mathis</u>

Pegues also challenges his sentence under <u>Mathis</u>, arguing that his state convictions for burglary are no longer predicate offenses under the ACCA.   In determining whether a state burglary conviction is a predicate offense, courts generally employ the "categorical approach" which "compare[s] the elements of the statute forming the basis of defendant's conviction with the elements of the 'generic' crime ...."   <u>Descamps v. United States</u>, 133 S. Ct. 2276, 2281 (2013).   The Supreme Court has defined generic burglary as "an unlawful or unprivileged entry into, or remaining in, a building or

---

[2]   In his reply brief, Pegues argue that he is asserting a claim of actual innocence.   Although the court construes Pegues' petition liberally, he provides no factual or legal basis that would support a claim of actual innocence.   Pegues' petition is based entirely on whether his prior convictions for burglary are predicate offenses under the ACCA.

other structure, with intent to commit a crime." <u>Taylor v. United
States</u>, 495 U.S. 575, 598 (1990).  Therefore, if a state statute
defines burglary more broadly than the generic offense, it cannot
qualify as a predicate offense under the ACCA. <u>Mathis</u>, 136 S. Ct.
at 2251.

If, however, the prior conviction is based on a statute that
defines a crime "by listing multiple, alternative elements, the
elements-matching required by the categorical approach is much more
difficult." <u>Id.</u> at 2245.  Under these circumstances, the court
employs the "modified categorical approach" by examining a "limited
class of documents" to determine what elements constituted the crime
that the defendant was convicted of before comparing those elements
to the generic offense. <u>Id.</u> at 2245-46.  In <u>Mathis</u>, the Supreme
Court clarified that the modified categorical approach is only
applicable to statutes that list alternative elements of a crime and
not statutes that list alternative means of committing the crime.
<u>Id.</u> at 2251-54.

In 1988, Pegues pleaded guilty to first-degree burglary in
Tennessee.  Presentence Investigation Report (PSR) ¶ 35.  From 1986
through 1987 Pegues had three Tennessee second-degree burglary
convictions. <u>Id.</u> ¶¶ 32-33, 36.  At that time, Tennessee defined
first-degree burglary as:

> [T]he breaking and entering into a dwelling house, or any
> other house, building, room or rooms therein used and
> occupied by any person or persons as a dwelling place or
> lodging either permanently or temporarily and whether as

4

owner, renter, tenant, lessee or paying guest, by night, with intent to commit a felony.

Tenn. Code Ann. § 39-3-401 (1982) (repealed 1989). Tennessee defined second-degree burglary identically, except that it was committed "by day" rather than "by night." Tenn. Code Ann. § 39-3-403(a) (1982) (repealed 1989).

The court finds that first and second-degree burglary in Tennessee is not broader than the generic crime of burglary as defined in Taylor. The Sixth Circuit Court of Appeals, in examining the second-degree burglary statute, came to the same conclusion. See United States v. Jones, 673 F.3d 497, 505 (6th Cir. 2012) ("The pre-1989 statute was at least as narrow as the Taylor court's definition of generic burglary, because it applied only to dwellings and occupied buildings. So the statute under which Defendant was convicted was a generic burglary statute."). Therefore, Pegues' four convictions for first and second-degree burglary are predicate offenses under the ACCA. Because the ACCA only requires three previous convictions to trigger a fifteen-year mandatory minimum sentence, the court need not examine whether Pegues' remaining convictions are predicate offenses. Moreover, the court need not reach the issue of whether Mathis impacts Pegues' sentence because four of his state burglary convictions are predicate offenses under the categorical approach, making it unnecessary to apply the modified categorical approach. As a result, Pegues' petition must be denied.          **III. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The court is firmly convinced that neither Johnson or Mathis affects Pegues' sentence and that reasonable jurists could not differ on the result. As a result, a certificate of appealability is not warranted.

<strong>CONCLUSION</strong>

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate his sentence [ECF No. 35] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: November 22, 2016

s/David S. Doty
David S. Doty, Judge
United States District Court